IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dana Michelle Edwards on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Key Health Medical Solutions, Inc., VBS Physical Therapists, Inc., and John Doe ##1-100,<br><br>Defendants. | Civil Action No.<br><br><br><br>**NOTICE OF REMOVAL OF<br>KEY HEALTH MEDICAL<br>SOLUTIONS, INC.** |

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Key Health Medical Solutions, Inc. ("Key Health") hereby removes this case from the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit to the United States District Court for the District of South Carolina, Greenville Division.  Key Health denies the Complaint's allegations and files this Notice without waiving any defenses, exceptions, or obligations existing in its favor in either state or federal court.

**I.    STATEMENT OF COMMENCEMENT OF ACTION**

The above-captioned action was commenced by Plaintiff Dana Edwards ("Edwards" or "Plaintiff") by the filing of a Summons and Complaint with the Clerk of Court for Greenville County, South Carolina on September 1, 2020 with service upon Key Health *via* certified mail on September 25, 2020.  This Notice of Removal is being filed pursuant to 28 U.S.C. § 1441 within thirty days after service on Key Health and is therefore removable pursuant to 28 U.S.C. § 1446(a)-(b).  *See* FRCP 6(a)(2)-(3)(Exclude last day for calculation if falling on Saturday, Sunday, or legal holiday); FRCP 6(d) (Add three days for calculation if served by certified mail); *Branch ex rel*.

1

*Branch v. Coca-Cola Bottling Co. Consol.*, 83 F.Supp.2d 631, FN1 (D.S.C. 2000); *Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329, 343 (D.S.C. Aug. 21, 1996).

## II.     PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of the Summons and Complaint, and Affidavit of Service with respect to this action are attached as **Exhibit A** and are being filed along with this Notice of Removal.  Pursuant to the provisions of 28 U.S.C. § 1446(d), Key Health will promptly file a copy of this Notice of Removal with the Clerk of Court for the Court of Common Pleas for Greenville County, South Carolina.  Written notice of this removal is being provided to Plaintiff through her attorney and the Greenville County Court of Common Pleas.

## III.    STATEMENT OF STATUTORY BASIS FOR FEDERAL JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  Here, as explained below, complete diversity of citizenship exists and Plaintiff's allegations satisfy the amount in controversy requirement.  The Greenville Division of this Court is the proper court for removal because Edwards filed the state court action in Greenville County, South Carolina.  28 U.S.C. § 1446(a).

## IV.    DIVERSITY JURISDICTION

### A.     Citizenship of the Parties.

Complete diversity supports Key Health's removal of this action:

**1.     Complete Diversity of Citizenship Exists Between Edwards and Key Health.**

Complete diversity of citizenship exists between Dana Edwards and Key Health in support of diversity jurisdiction. As alleged in her Complaint, Edwards "is a citizen and resident of the County of Greenville, State of South Carolina." (Compl. ¶ 1.) As to Key Health, Edwards correctly alleges: "Key Health Medical Solutions, Inc. is a corporation organized and existing under the laws of the State of California…" (*Id.* at ¶ 2; *see also* **Exhibit B**.) Complete diversity of citizenship, therefore, exists as between Key Health and Edwards. And, discussed below, as the sole properly served and joined Defendant, only Key Health's citizenship matters for determining complete citizenship under 28 U.S.C. §1332.

Apart from Key Health, the other Defendants who Plaintiff named in the caption of her Complaint include: John Doe #1-100 (treated collectively as "Doe Defendants") and VBS Physical Therapists, Inc. ("VBS"). (Compl. ¶¶3-4.) Key Health addresses those Defendants in turn:

**2.   As Unserved, Un-Joined Fictitious Defendants, the Doe Defendants Do Not Impact Complete Diversity.**

Plaintiff's naming of the Doe Defendants does not impact the complete diversity supportive of Key Health's removal of this matter. As an initial matter, Key Health notes Plaintiff failed to allege the Doe Defendants' citizenship. (Compl. ¶5.) But, even if Edwards had included such allegations, it would not impact the existence of diversity jurisdiction.

28 U.S.C. § 1441(b) expressly states: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Smalls v. Wal-Mart Stores East, LP*, 2020 WL 3167616, at *2 (D.S.C. 2020). Thus, the Doe Defendants' citizenship cannot be considered for purposes of diversity jurisdiction analysis.

That said, even if she had listed them by name, Edwards failed to assert any claims against the Doe Defendants for which the Court could grant relief to her. Under such circumstances,

3

District Courts in South Carolina do not consider the citizenship of such Defendants when evaluating the existence of diversity jurisdiction. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999); *Hudson v. New Idea Corp.*, No. 5:15-CV-04314-JMC, 2016 WL 1693306, at *3 (D.S.C. Apr. 28, 2016) (District Court disregards those defendants where "no possibility" exists she "would be able to establish a cause of action against" them in state court.)[1]  Last, the Doe Defendants are not otherwise properly joined and served as required by 28 U.S.C. § 1441(b)(2). Accordingly, the Doe Defendants do not impact complete diversity jurisdiction in this case.

### 3. As an Unserved, Un-joined Entity, Not Existing Under South Carolina Law (As Alleged), VBS Does Not Impact the Existence of Complete Diversity.

Plaintiff's purported naming of VBS Physical Therapy, Inc. similarly does not impact complete diversity of citizenship for purposes of invoking diversity jurisdiction in this matter. As to VBS, Edwards has alleged: "Upon information and belief, VBS Physical Therapy, Inc. is a corporation organized and existing under the laws of the State of South Carolina…" (*Id.* at ¶3.) Yet, according to the South Carolina Secretary of State's website, Plaintiff's allegation, in this regard, proves incorrect. No corporation is incorporated under South Carolina law and exists as: "VBS Physical Therapy, Inc." (*See* **Exhibit C**.)

Plaintiff could not, did not, and will never be able to properly join and serve a South Carolina corporation named VBS Physical Therapy, Inc. in this case. Consistent with the same and as a matter of public record (of which Key Health requests the Court take judicial notice under FRE 201), Edwards has likewise not filed an affidavit of service for VBS in state court as required

---

[1] Plaintiff does not assert the John Doe Defendants provided her care or that she entered into any agreement with the John Doe Defendants. Edwards nowhere asserts the John Doe Defendants hurt her in any manner. Even if she had alleged claims against them, Edwards lacks standing to assert claims against the John Doe Defendants.

by SCRCP 4(g).[2] And, Plaintiff's use of the name VBS Physical Therapy, Inc. seemingly also triggers the same analysis applicable to the John Doe Defendants. 28 U.S.C. § 1441(b); *Smalls*, 2020 WL 3167616, at *2. For the foregoing reasons, complete diversity exists in this case.

### B.   The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.

Edwards' assertions satisfy the jurisdictional amount in controversy needed to invoke diversity jurisdiction. A defendant satisfies the jurisdictional amount in controversy when it can demonstrate within a reasonable probability the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781-82 (D.S.C. 2008). Here, Edwards asserts twelve (12) claims on behalf of herself and purportedly on behalf of a class of similarly situated individuals.[3]

In both her individual and representative capacity, Edwards seeks the following relief: (1) reformation of all of Key Health's contracts as related to Edwards and the purported class members; (2) class-wide injunctive relief; (3) actual damages including non-economic damages; (4) relief impacting Key Health's ability to conduct future business; (5) contractual damages including consequential and incidental damages; (6) attorney's fees; (7) all penalties allowable by S.C. Code § 37-1-101 *et seq.*; (8) all penalties allowable by S.C. Code § 37-2-101 *et seq.*; (9) punitive damages; (10) treble damages under the South Carolina Unfair Trade Practices Act; and

---

[2] *See, e.g.*:
*https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23002&Casenum=2020CP2304048&CaseType=V&HKey=89728655116117488971771001147266508049881178953759768837910812257517311610789858457508290761 13119*

[3] Those clams include: (1) violation of the S.C. Consumer Protection Code Credit Sales Act (Compl. p. 14); (2) fraud (*id.* at 15); (3) constructive fraud (*id.* at 16); (4) breach of contract (*id.*); (5) civil conspiracy (*id.* at 17); (6) violation of South Carolina Usury Laws (*id.*); (7) unjust enrichment (*id* at 18); (8) rescission (*id.* at 19); (9) constructive trust (*id.*); (10) reformation and injunctive relief (*id.*); (11) violation of the South Carolina Unfair Trade Practices Act (*id*. at 20); (12) breach of fiduciary duty (*id.* at 21).

(11) pre and post judgment interest. (Compl. pp. 21-23.)[4]  As a result, Key Health can amply show more than a reasonable probability exists the amount in controversy, in this matter, will exceed $75,000.00.  Accordingly, this Court has diversity jurisdiction over Plaintiff's claims. 28 U.S.C. § 1332.

In the event any question arises as to the propriety of the removal of this matter, Key Health requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper.

**WHEREFORE**, Key Health hereby removes this matter from the South Carolina Court of Common Pleas for the Thirteenth Judicial Circuit to the United States District Court for the District Court of South Carolina, Greenville Division based on diversity jurisdiction.  See 28 U.S.C. § 1332, 1441 and 1446.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/Lane W. Davis*
Lane W. Davis
Federal Bar No. 7739
E-Mail: lane.davis@nelsonmullins.com
David C. Dill
Federal Bar No.  11860
E-Mail: david.dill@nelsonmullins.com
2 W. Washington Street / Suite 400
Post Office Box 10084 (29603-0084)
Greenville, SC  29601
(864) 250-2300

*Attorneys for Key Health Medical Solutions, Inc.*

Greenville, South Carolina
October 26, 2020

---

[4] Plaintiff's demand for punitive damages, alone, makes it appear to a legal certainty that Plaintiff's claims are for more than $75,000.  *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999) (noting that a claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount).